# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9839 | **DATE** | 9/19/2003 |
| **CASE TITLE** | Parkman & Weston Associates, Ltd., et al vs. Ebenezer African Methodist Episcopal Church, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants plaintiffs' motion to amend the second amended complaint [51-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 2 2003 date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | | 82 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP 22 PM 3: 14 | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PARKMAN & WESTON ASSOCIATES, LTD. and LARRY W. PARKMAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| EBENEZER AFRICAN METHODIST EPISCOPAL CHURCH; THE CITY OF EVANSTON; THE UNITED STATES OF AMERICA (HUD); THE ILLINOIS HOUSING DEVELOPMENT AUTHORITY; JACOB BLAKE MANOR, LTD.; BANK ONE, EVANSTON; and LYNNE J. ROBINSON, | ) ) ) ) ) ) ) ) ) ) | 01 C 9839 |
| Defendants. | ) | |

DOCKETED
SEP 22 2003

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion to amend their second amended complaint pursuant to Fed. R. Civ. P. ("Rule") 15(a). For the reasons set forth below, this motion is granted.

### FACTS

Plaintiffs Parkman & Weston Associates, Ltd., an architectural firm and Illinois corporation, and Larry W. Parkman, architect and sole owner of Parkman & Weston Associates, Ltd., have sued defendants for copyright infringement, breach of contract, and foreclosure of a mechanics lien. Plaintiffs filed their complaint on December 21, 2001. Plaintiffs filed their first amended complaint on February 7, 2002, adding two defendants. Plaintiffs were granted leave to

file a second amended complaint and did so on August 7, 2002, supplementing their pleadings with exhibits and raising the amount claimed under the contract. On October 16, 2002, plaintiffs filed this motion to amend the second amended complaint in order to correct an accumulated error in their damages amount. Defendants oppose the amendment.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Rule 15 contains a fairly liberal standard, allowing amendments "by leave of court or by written consent of the adverse party . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Whether to grant leave to amend a pleading is a decision that rests within the court's broad discretion. *See Jones v. Hamelman*, 869 F.2d 1023, 1026 (7th Cir. 1989). The goal of the federal rules is to resolve disputes on the merits in a single judicial proceeding if possible. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 181 F.R.D. 605, 609 (N.D. Ill. 1998). To facilitate this goal, leave to amend should be allowed by the court absent undue delay, bad faith, dilatory motive, undue prejudice, repeated failures to cure deficiencies by amendments previously allowed, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants' sole contention in opposition to plaintiffs' motion is that undue prejudice will result if this amendment is allowed. Defendants argue that the proposed amendment of the damage/lien amount will "destroy the certainty of every material averment of the affidavit that stands as its claims for mechanics lien." (Defs.' Mot. Opp'n Pls.' Mot. Leave Amend, at 3.) Defendants cite *Marsh v. Mick*, 159 Ill. App. 399, 407 (1st Dist. 1911), and *Hyde Park Investment Co. v. Hyde Park State Bank*, 257 Ill. App. 539, 545 (1st Dist. 1930), in support and

2

opine that the misstatement of the lien amount by plaintiffs would vitiate plaintiffs' lien claim. In both *Marsh* and *Hyde Park*, the lien amounts claimed were found to be so grossly exaggerated that they constituted fraud. *Marsh* and *Hyde Park*, therefore, are distinguishable from the present case because *Marsh* and *Hyde Park* both involved claims by a lienor that were fraudulently overstated rather than mistakenly understated. In the present case, the lien claims have been understated. The plaintiffs did not initially claim more than was due; they merely seek to amend their complaint to reflect what they honestly believe to be owed to them under the contract and the mechanics lien.

In light of these governing principles, this Court can find no reason to deny plaintiffs' motion. Although this will be the third amendment to the original complaint, the Court sees no evidence of bad faith or dilatory motive. It does not appear that plaintiffs are seeking to surprise or defraud defendants; they merely seek to adjust the amount of damages to reflect what is owed them on account of a prior error in defendants' favor. Most significant, perhaps, is that the amendment would not be futile. Plaintiffs only recently learned of the accounting error that was incorrectly credited to defendants; upon discovering such error, they immediately sought leave of court to amend the complaint to reflect the correction. Plaintiffs would have no reason to hide or delay correcting such an error, as this would be counterintuitive to their claim for damages. In *Foman v. Davis*, Justice Goldberg remarked in *dicta* that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182. This Court finds that no harm or prejudice will result to defendants as a consequence of the Court's allowing the amendment.

3

## CONCLUSION

For the foregoing reasons, the Court grants plaintiffs' motion to amend the second amended complaint [doc. no. 51-1].

**SO ORDERED**  ENTER: 9/19/03

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States Judge**